IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV3-03-MU

| | |
|---|---|
| ARNOLD WARREN BEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| MOUNTAIN VIEW CORRECTIONAL ) | |
| INSTITUTE; R. DAVID MITCHELL, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed January 3, 2007 (Document No. 1. )

Section IV of Plaintiff's form complaint contains a specific notice stating that "A person must be identified in this subsection B in order to be considered and served as a defendant." (See Complaint at 2.)  Following this specific notice section IV of Plaintiff's Complaint entitled "Parties," Plaintiff names Mountain View Correctional Institute and R. David Mitchell, Superintendent of Mountain View Correctional Institute as defendants on his form 42 U.S.C. § 1983 Complaint.  Plaintiff then attached a handwritten "Legal brief/preliminary statement" to his form Complaint in which he again lists Superintendent David Mitchell as a defendant, and then adds Mike Slagel, Programs Supervisor and Dr. Uhren as "parties" to this action..

Plaintiff alleges that despite being found totally disabled for purposes of Social Security by an Administrative Law Judge on May 19, 2003, Plaintiff has been assigned to work in the kitchen at Mountain View Correctional Institute since August 8, 2006.  Plaintiff alleges that by assigning

dockets.Justia.com

him to work, despite his disability, Defendants have been deliberately indifferent to his medical condition. Plaintiff also alleges that his procedural due process rights are being violated due to the fact that he has not been given a hearing to determine whether he is able to work. Finally, Plaintiff alleges that Superintendent Mitchell and Mr. Slagel, Programs Supervisor, are responsible for his welfare and "it seems that they over ride medical when they feel like it." (Complaint at 6.)

By way of relief, Plaintiff is seeking: (1) appointment of counsel; (2) a declaratory statement that "forceing [sic] Plaintiff to work violate[s] both the 8th Amendment of the Constitution of the United States as well as the Fourteenth Amendment due to [Plaintiff's] condition"; (3) a finding that Mr. Mitchell's failure to provide a hearing to determine Plaintiff's ability to work violated the Fourteenth Amendment; (3) a finding that Dr. Uhren's failure to take action regarding Plaintiff's medical condition and forcing Plaintiff to work constitutes deliberate indifference to his serious medical need; (4) an injunction ordering Defendants to comply with the Administrative Judges' Order, return Plaintiff to medical status 4, credit Plaintiff with good time credits and transfer Plaintiff to minimum custody; and (5) award compensatory and punitive damages.

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See <u>Anderson v. XYZ Correctional Heath Services</u>, 407 F.3d 674, 676-77 (4th Cir. 2005) citing <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner

seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003).

Recently, the Fifth Circuit addressed the issue of "what a prisoner must say in his grievances to properly exhaust his claims." Johnson v. Johson, 385 F.3d 503 (5th Cir. 2004). The Court reasoned that the PLRA exhaustion requirement must be interpreted "in light of its purposes, which include the goal of giving officials 'time and opportunity to address complaints internally.'" Id. at 516 (quoting Porter v. Nussle, 534 U.S. 516, 525 (2002)). For example, as to a claim that a guard acted improperly, the prisoner must provide "details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter." Id. at 517. Of course, legal theories need not be presented in a grievance. Id. To give prison administrators fair opportunity to address a problem that might from the basis for a civil rights action, the prisoner's grievance must "identify individuals who are connected with the problem." Id. at 32. The grievance must alert prison officials to a problem, not provide notice that a particular official may be sued. Id. at 522. However, at the same time, the grievance must provide prison administrators with a fair opportunity to address the problem that may later form the basis of a suit and for many problems this will require that the prisoner's grievance identify individuals who are connected with the problem. Id.

Here, the Court has reviewed the grievances Plaintiff attached to his Complaint. The Court notes that Plaintiff filed three grievances. The first such grievance (4855-2006-790) was filed on September 20, 2006 and contains complaints regarding the custody level process and honor grade

requirements. Plaintiff also complained about the requirement that he take certain behavioral change classes. (See Ex. C to Plaintiff's Complaint.) A Department of Correction (DOC) official responded on October 9, 2006 explaining that after Plaintiff's September 2006 custody review, it was noted that Plaintiff had not completed any behavioral change or human resource development courses and as such a determination was made for Plaintiff to remain in medium custody to allow him time to participate in such classes. (See Ex. D. to Plaintiff's Complaint.) Plaintiff appealed this decision and on October 27, 2006 Plaintiff received a response stating that Plaintiff is backlogged for many of the necessary classes but that he should be enrolled in the near future. The decision also notes that Plaintiff is scheduled for custody review again in March 2007. (Ex. D to Plaintiff's Complaint.) Plaintiff received a step three response to his grievance on November 9, 2006 reiterating the step on and two responses and finding that staff has taken the proper action to resolve Plaintiff's concerns. (Ex. E. to Plaintiff's Complaint.)

    Plaintiff filed a second grievance on October 30, 2006 (4855-2006-815) again complaining about the required courses. Plaintiff stated that he "didn't need the classes because [he] is not going to work when [he] gets out." (See Ex. B to Plaintiff's Complaint.) On November 16, 2006 Plaintiff received a response to his grievance stating that because he has not taken the courses recommended in his case management plan, he is not in compliance with his plan. (See. Ex. A to Plaintiff's Complaint.) Plaintiff appealed to step two and received a step two response on December 5, 2006 explaining that the courses "have nothing to do with working upon release but focus on successful survival in society upon release." The response further encouraged Plaintiff to work closely with his case manager and participate in the recommended courses if he wished to obtain minimum custody prior to release. (See Ex. A to Plaintiff's Complaint.) To the extent that Plaintiff appealed

4

to step three, he did not attach a copy of the DOC response at the step three stage.

Plaintiff filed a third grievance on December 5, 2006 (4855-2006-952) again complaining about having to take behavioral adjustment classes in order to qualify for minimum custody. This grievance was returned to Plaintiff due to the fact that he had another grievance pending.

A review of Plaintiff's grievances and the DOC responses reveal that Plaintiff did not complain about his work assignment in the kitchen nor did Plaintiff complain about anyone being indifferent to his medical condition. Instead, in his grievances, Plaintiff specifically complains about certain recommended courses and how the completion of such courses impacted his custody classification. Furthermore, the only person specifically identified in Plaintiff's grievances is Case Manager, Mrs. Carpenter. Plaintiff did not identify Superintendent Mitchell, Programs Supervisor Mike Slagel or Dr. Uhren, the defendants to this action, in any of his grievances. Therefore, in accordance with the law, the Court must dismiss this action without prejudice due to the fact that Plaintiff has not exhausted the claim identified in this lawsuit not has he identified any of the defendants to this lawsuit in his grievances.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed without prejudice for failure to exhaust. **Furthermore**, Plaintiff's Motion for the Appointment of Counsel, contained within his Complaint, is dismissed as moot.

**SO ORDERED.**

Signed: January 8, 2007

Graham C. Mullen
United States District Judge